UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON JOSE AMAYA MELGAR A-089-097-351,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondent. | No. 1:26-cv-06300-DC-CKD P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds pro se seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) Petitioner's motion to proceed in forma pauperis (ECF No. 7) is also before the court and is granted. Respondent filed a motion to dismiss the petition. (ECF No. 5.) Petitioner has not opposed the motion to dismiss and the deadline to do so has expired. For the reasons set forth below, the undersigned recommends the petition be denied without prejudice and the motion to dismiss be denied as moot.

**I. Background**

Petitioner is a native of Honduras who entered the United States on or about June 17, 2010, as a lawful permanent resident. (ECF No. 5 at 8-9.) On July 16, 2026, petitioner was issued

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

a Notice to Appear charging him with removability under INA section 237(a)(2)(A)(iii) in that after admission into the United States, he was convicted of an aggravated felony as defined in INA section 101(a)(43)(G). (ECF No. 5 at 58-61.) Specifically, the Notice to Appear alleged petitioner was convicted on September 27, 2021, of three counts of robbery with firearm or deadly weapon and one count of shooting at, within, or into a building, for which he was sentenced to a six-year prison term. (Id.)

Petitioner was taken into immigration custody on July 21, 2026, after serving his prison sentence. (ECF No. 1 at 4; ECF No. 5 at 8-9.) He alleges he is detained in violation of his Fifth Amendment due process rights. (Id. at 6-7.) He seeks release from custody, or, alternately, a bond hearing. (Id. at 7.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

Respondent argues petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his 2021 convictions in the State of Florida. (ECF No. 5.) Section 1226(c) "carves out a statutory category of [noncitizens] who may not be released" pending their removal and who are subject to mandatory detention without a bond hearing under the statutory scheme. Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). Under 8 U.S.C. § 1226(c)(1)(B), the attorney general "shall take into custody" any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" Section 1227(a)(2)(A)(3), in turn, provides that any noncitizen "who is convicted of an aggravated felony at any time after admission is deportable."

////

Petitioner has not disputed respondent's evidence (see ECF No. 5 at 12) that he was convicted of the offenses of robbery with firearm or deadly weapon (three counts) and shooting at, within, or into a building, for which he was sentenced to a six-year prison term. The United States Court of Appeals for the Eleventh Circuit recently confirmed in an unpublished opinion that a Florida robbery conviction qualifies as an aggravated felony and a crime of violence under the INA. See Castro-Mercedes v. U.S. Att'y Gen., No. 23-12731, 2025 WL 833203, at *3 (11th Cir. Mar. 17, 2025). However, should petitioner wish to challenge whether his 2021 convictions subject him to mandatory detention, he may request a hearing before an immigration judge pursuant to Matter of Joseph, 22 I&N Dec. 799 (BIA 1999). See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (explaining that detainees who claim they are not covered by § 1226(c) have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c)); see also, e.g., Coreas Chavez v. Chestnut, No. 1:26-CV-06540-KES-EGC (HC), 2026 WL 2594126, at *3 (E.D. Cal. Sept. 2, 2026) (recommending dismissal of any § 1226(c) classification-based claim without prejudice to petitioner's pursuit of a Joseph hearing).

Respondent asserts petitioner has never sought a Joseph hearing. (ECF No. 5 at 6.) In the present petition, petitioner claims generally that his detention violates his due process rights and does not contend that he is misclassified under § 1226(c). The undersigned therefore assumes without deciding that § 1226(c)(1)(B) supplies the authority for petitioner's detention based on 2021 convictions for the offenses of robbery with firearm or deadly weapon and shooting at within or into a building, for which he was sentenced to a six-year prison term. See, e.g., Ismael v. Warden of the Golden State Annex Facility, No. 1:26-CV-01287-JLT-EGC (HC), 2026 WL 2098210, at *2 n. 2 (E.D. Cal. July 21, 2026), report and recommendation adopted, No. 1:26-CV-01287 JLT EGC (HC), 2026 WL 2608109 (E.D. Cal. Sept. 3, 2026) ("The Court does not reach whether a conviction under Texas Penal Code § 22.02 categorically constitutes an aggravated felony under [the] INA [because] Petitioner does not challenge his removability or the applicability of section 1226(c)[.]").

////

Proceeding to petitioner's due process challenge, petitioner was not entitled to a pre-deprivation hearing in light of the application of 8 U.S.C. § 1226(c). Petitioner "cites no authority, nor is the [c]ourt aware of any, which would require ICE to provide [a noncitizen] with notice and a hearing prior to detaining him pursuant to § 1226(c)." Medina Soto v. Robbins, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026).

Petitioner is also not entitled to a bond hearing at this point because his detention has not become unconstitutionally prolonged. "Detention during removal proceedings is a constitutionally permissible part of that process." Demore, 538 U.S. at 531. The Supreme Court has upheld the mandatory detention provision in 8 U.S.C. § 1226(c) as facially non-violative of the due process clause with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Id. at 513, 529 n.12, 530. Petitioner's detention, at approximately three months so far, is well within the timeframe contemplated in Demore.

Considering the due process claim under the balancing framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the court weighs the private interest at stake, the risk of erroneous deprivation of that interest, and the government's interest. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Petitioner's private interest in freedom from detention is significant, but the length of detention so far under 8 U.S.C. § 1226(c) at approximately three months does not favor relief. Petitioner's removal proceedings are pending before the immigration court and nothing in the record suggests those proceedings are stalled, that a merits hearing is unavailable, or that the anticipated remaining period of detention is indefinite. Petitioner does not identify any delay attributable to the government, and the record discloses none. The government's interests in ensuring appearance at removal proceedings and in protecting the public are always substantial and are increased where, as here, the noncitizen was detained pending removal after serving a prison sentence for robbery with firearm or deadly weapon and shooting at, within, or into a building. Based on these factors, the undersigned concludes petitioner's approximate three months of detention under 8 U.S.C. § 1226(c) pending

active removal proceedings does not violate due process. See Coreas Chavez, 2026 WL 2594126, at *4.

**IV. Order and Recommendation**

For the reasons set forth above, IT IS ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 7) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.
2. Respondent's motion to dismiss (ECF No. 5) be denied as moot.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 amay6300.mer